**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-22488-RAR**

CLIMATEMP PORTABLES, INC.,

     Plaintiff,

v.

COMBINED REFRIGERATION
RESOURCES, INC., *et al.*,

     Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION**
**AND TRANSFERRING CASE**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Transfer, Stay and/or Dismiss Complaint ("Motion"), [ECF No. 21], filed on July 27, 2026.  Defendants' Motion requests that, in accordance with the "first-to-file" doctrine, that the "Court [] defer hearing this matter in Miami, administratively transfer the Miami action to Houston, or administratively stay or dismiss the Miami action in favor of the already filed and prior pending Houston action[.]" Mot. at 4.  On July 28, 2026, the Court issued an Order to Show Cause, directing Plaintiff to "file a memorandum . . . indicating whether it opposes transfer of this case to the United States District Court for the Southern District of Texas (Houston) . . . [and] describ[ing] what 'compelling circumstances' warrant an exception to the first-to-file rule." [ECF No. 22] at 2.

On August 4, 2026, Plaintiff filed its Memorandum in Response to the Order to Show Cause and in Opposition to Transfer ("Response"), [ECF No. 24]. [1]  The Court having carefully reviewed the Motion, the record, and applicable law, it is hereby

---

[1] The Court's Order to Show Cause informed the parties that no replies would be permitted.  [ECF No. 22] at 2.

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 21], is **GRANTED IN PART**. The Clerk of Court is instructed to **TRANSFER** this case to the United States District Court for the Southern District of Texas, Houston Division.

## BACKGROUND

This action was filed on April 10, 2026. *See* Compl., [ECF No. 1]. Plaintiff alleges that Defendants intentionally and unlawfully interfered with Plaintiff's longstanding manufacturing relationship with non-party Wuxi Dongxia Machinery Co., Ltd., causing substantial economic harm and damage to Plaintiff's business relationships. *See* Am. Compl., [ECF No. 6] ¶¶ 1–4.

Defendants previously filed a similar suit in the United States District Court for the Southern District of Texas, Houston Division, on March 6, 2026 (the "Texas Action"). *See Combined Refrigeration Resources, Inc., et al., v. ClimaTemp Portables Inc.*, 4:26-cv 01849-KMH (S.D. Tex. 2026), [ECF No. 1]. In the Texas Action, Defendants seek "a declaration under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201–2202, that [they] have not willfully or unlawfully interfered with any contract or business expectancy between ClimaTemp and Dongxia or any other party." *See* Resp. Ex. 3, [ECF No. 24-3] ¶ 1. Defendants maintain that the Texas Action "concern[s] identical alleged facts, transactions, and purported claims of Plaintiff" as the instant case. Mot. at 3. And that "Defendants filed that Complaint for Declaratory Judgment approximately 10 days after Plaintiff had issued to Defendants a February 25, 2026 demand letter . . . alleging the identical speculative tortious interference claims that Plaintiff now alleges in Florida." *Id*. at 3–4. Defendants therefore ask the Court to either "transfer this action to the Southern District of Texas, Houston, stay this action pending the outcome of the [Texas Action], or dismiss it." Mot. at 5.

**LEGAL STANDARD**

Where two federal actions involve overlapping issues and parties, "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). This first-to-file rule "is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency . . . ." *Yao v. Ulta Beauty, Inc.*, No. 18-22213, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018) (citations omitted). The purpose of the rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 224750, at *1 (N.D. Ga. Jan. 15, 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999)) (internal quotation marks omitted).

To determine whether the first-to-file rule applies, courts consider "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." *Women's Choice Pharms., LLC v. Rook Pharms., Inc.*, No. 16-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016) (citing *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013)). Neither the parties nor the issues need be identical. *See Kelly v. Gerber Prod. Co.*, No. 21-60602, 2021 WL 2410158, at *1 (S.D. Fla. June 11, 2021). Rather, the parties and the issues "must simply overlap." *Daugherty v. Adams*, No. 1:16-CV-02480-LMM, 2017 WL 5484699, at *12 (N.D. Ga. Mar. 22, 2017).

Courts have substantial discretion as to the procedural mechanism they can use to address the later-filed case when the first-to-file doctrine applies. *See Strother v. Hylas Yachts, Inc.*, No. 12-80283, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012) (internal citations omitted). A district court may "stay, transfer, or dismiss a duplicative later-filed action." *ASS Armor, LLC v. Under*

*Armour, Inc.*, No. 15-20853, 2015 WL 2155724, at *2 (S.D. Fla. May 7, 2015).  Indeed, "[c]ourts should transfer to the first-filed district unless 'considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'"  *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1339 (S.D. Fla. 2021) (quoting *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606 (S.D. Fla. 1997)).  "A transfer of a case under the first-filed rule does not depend on the presence or absence of 28 U.S.C. § 1404(a) considerations."  *Savage v. Seterus, Inc.*, No. 19-14256, 2020 WL 230982, at *3 (S.D. Fla. Jan. 15, 2020).

### ANALYSIS

The first-to-file rule applies in this instance and favors transfer of this action to the Southern District of Texas.  The Texas Action was filed over a month earlier than the instant case, and the parties, legal issues, and factual bases are identical in both actions.  *Compare* Am. Compl., [ECF No. 6] *with, Combined Refrigeration Resources, Inc., et al.*, 4:26-cv 01849-KMH, ECF No. 1. Because these "two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption . . . that favors [the Southern District of Texas as] the forum of the first-filed suit under the first-filed rule."  *Manuel*, 430 F.3d at 1135.

Plaintiff, as "the party objecting to jurisdiction in the first-filed forum[,] carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule."  *Id*. (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).  As evidence of compelling circumstances, Plaintiff maintains that the pre-filing record establishes that Defendants filed the Texas Action in response to Plaintiff's Cease and Desist Letter and in anticipation of its imminent claims.  Resp. at 4.  Indeed, on February 25, 2026, Plaintiff served that letter on Defendants, which explicitly contemplated anticipated litigation.  *See* Resp. Ex. B, [ECF No. 24-2] at 3.  And on March 2, 2026, Defendants' counsel denied liability while

maintaining that counsel would "reach out . . . shortly", *see* Resp. Ex. A, [ECF No. 24-1] at 1, and thereafter engaged in a course of conduct that "create[d] the illusion that Defendants wanted to discuss possible settlement." Resp. at 3. However, just "[n]ine days after receiving the Cease and Desist Letter, and while the parties' communications still reflected ClimaTemp's active efforts to schedule the requested conference, Defendants filed the [Texas Action]." *Id*. at 4.

Departure from the first-to-file rule is justified "where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum." *Supreme Int'l Corp.*, 972 F. Supp. at 606. "However, those circumstances do not automatically compel abandoning the first-filed rule. The matter is one of discretion for the trial court." *Id*. (citing *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 489 (8th Cir. 1990)); *see also Manuel*, 430 F.3d at 1135–36 ("Even if a court finds that a filing is anticipatory, this consideration does not transmogrify into an obligatory rule mandating dismissal. Such a finding still remains one equitable factor among many that a district court can consider[.]" (internal citations omitted)). And even where one party files an action in anticipation of a potential lawsuit, "[t]he first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Supreme Int'l Corp.*, 972 F. Supp. at 606 (quoting *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995)).

Plaintiff argues that equity does not require the Court to reward Defendants' conduct. Resp. at 6. It alleges that Defendants "maintained the appearance of an active pre-suit process long enough to preempt [Plaintiff's] imminent affirmative action, then abandoned both the discussions and the urgency invoked to justify filing when they did." *Id*. at 5–6. While the Court is sympathetic to Plaintiff's concerns, it is not clear the just and effective disposition of the dispute would require departure from the first-to-file rule.

Plaintiff requests that the Court "deny transfer or, at minimum, defer ruling until [the Motion to Dismiss pending in the Texas Action] is resolved." Resp. at 6. But this would leave the parties in "the exact situation that the first-filed rule was designed to prevent—lawsuits on identical issues proceeding simultaneously in separate courts." *Supreme Int'l Corp.*, 972 F. Supp. at 606–607 ("One difficulty with this case is the posture in which it comes to the Court. Supreme's lawsuit is the second-filed case. Even if the Court were inclined to agree with Supreme that the case should be tried here, it has no authority to mandate this result. If the Court does not dismiss or stay Supreme's action, there is no guarantee that the Missouri court would follow suit and dismiss the declaratory judgment action.").

Nor is it clear that considerations of judicial and litigant economy would compel an exception to the first-to-file rule. "When evaluating whether the interests of judicial and litigant economy weigh against transferring to the first-filed district, district courts consider factors similar to those considered on a motion to transfer under 28 U.S.C. § 1404, such as the convenience of the parties and witnesses, the location of relevant documents, the locus of operative facts, the potential for consolidation with related litigation, docket congestion, and trial efficiency." *Vital Pharms., Inc. v. PhD Mktg., Inc.*, No. 20-CV-60993, 2020 WL 6162794, at *3 (S.D. Fla. July 28, 2020). Plaintiff's Response, while understandably expressing frustration with Defendants' conduct, fails to offer *any* reasons why the instant action should be decided in the Southern District of Florida— or why Florida is the more convenient forum for the parties or witnesses. Indeed, while the Amended Complaint reveals that Plaintiff is a Florida corporation with its principal place of business in the state, "[Defendant Smart Family], based in [Texas], could make the same argument for trying the case in [Texas]. . . . Thus, there are equally strong considerations for trying the case in [Texas] or Florida." *Supreme Int'l Corp.*, 972 F. Supp. at 607–608. Plaintiff has thus failed to

meet its burden of showing that judicial and litigant economy would be best served by trying the case in this district.

<u>**CONCLUSION**</u>

Given the foregoing considerations, and in the interest of judicial and litigant economy, the Court finds that transfer to the Southern District of Texas is warranted under the first-to-file rule. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion, [ECF No. 21], is **GRANTED IN PART**.  The Clerk of Court is instructed to transfer this case to the United States District Court for the Southern District of Texas, Houston Division, and mark this case as **CLOSED** in this District.

**DONE AND ORDERED** in Miami, Florida, this 10th day of August, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**